CHRISTINE M. BOOZE
Nevada Bar No. 7610
WINNER & BOOZE
1117 South Rancho Drive
Las Vegas, Nevada 89102
Phone (702) 243-7000
Facsimile (702) 243-7059
*Attorney for Lambert Livestock & Cattle, Co. LLC*
cbooze@winnerfirm.com

BRITTANY A. KAPLAN, ESQ.
Nevada Bar No. 13663
KORY L. KAPLAN, ESQ.
Nevada Bar No. 13164
KAPLAN LAW GROUP
10091 Park Run Drive, Suite 190
Las Vegas, NV 89145
Telephone: (702) 381-8888
Facsimile: (702) 832-5559
*Attorneys for Plaintiff*
brittany@kaplanlawgroup.com
kory@kaplanlawgroup.com

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL HALSEY,<br><br>Plaintiff,<br><br>vs.<br><br>LAMBERT LIVESTOCK & CATTLE CO. LLC, LEVI JOHNSON; DOES I-X, inclusive; and ROE BUSINESS ENTITIES XI – XX, inclusive,<br><br>Defendants. | CASE NO. 2:24-cv-02400-CDS-DJA<br><br>**STIPULATED JOINT DISCOVERY PLAN AND SCHEDULING ORDER** |

Defendant LAMBERT LIVESTOCK & CATTLE CO. LLC, by and through its counsel of record, the law firm WINNER & BOOZE, and plaintiff DANIEL HALSEY, by and through his counsel of record the KAPLAN LAW GROUP, respectfully submit the proposed stipulated Discovery Plan and Scheduling Order Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1. Deadlines that fall on Saturdays, Sundays or legal holidays have been adjusted to the

next day that is not a Saturday, Sunday or legal holiday per Federal Rule of Civil Procedure 6(a)(1)(C).

**Fed. R. Civ. P. 26(f) Conference:**

The parties met on February 5, 2025, to discuss matters in compliance with LR 26-1 (b)(7) – (9). Based upon counsels' review of the evidence in this case, the parties now propose the following discovery plan:

1. **Discovery Cut-Off Date:**

Plaintiff filed his Complaint in the Eighth Judicial District Court on November 4, 2024. This matter was removed to Federal Court on December 23, 2024. Defendant Lambert Livestock & Cattle Co. LLC filed its answer to Plaintiff's complaint on December 23, 2024. Defendant Levi Johnson has not yet been served with the plaintiff's complaint and has not made any formal appearance in this matter. In accordance with LR 26-1(b)(1), the discovery cutoff date will be 180 days from the date the first Defendant appeared. 182 days from December 23, 2024, is Monday, June 23, 2025.

2. **Amending the Pleadings and Adding Parties:**

The parties request that all motions to amend the pleadings or to add parties be filed no later than Tuesday, March 25, 2025 – 90 days prior to the proposed close of discovery.

3. **Fed. R. Civ. P. 26(a)(2) Disclosures of Experts:**

The parties request the disclosure of experts be made on or before Thursday, April 24, 2025 – 60 days before the proposed close of discovery. Disclosure of rebuttal experts shall be made on or before Tuesday, May 27, 2025 – 33 days after the initial disclosure of experts.

4. **Dispositive Motions**

The date for filing dispositive motions shall not be later than Wednesday, July 23, 2025 – 30 days after the proposed close of discovery. In the event the discovery period is extended from the

discovery cutoff date set forth in this proposed Joint Discovery Plan and Scheduling Order, the date for filing dispositive motions shall be extended to be not later than 30 days from the subsequent discovery cutoff date.

5. **Pretrial Order**

The date for filing the joint pretrial order shall not be later than Friday, August 22, 2025 – 30 days after the cut-off date for filing dispositive motions. In the event that dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until 30 days after decision on the dispositive motions or until further order of the court. In the further event that the discovery period is extended from the discovery cut-off date set forth in this Discovery Plan and Scheduling Order, the date for filing the joint pretrial order shall be extended in accordance with the time periods set forth in this paragraph.

6. **Fed. R. Civ. P. 26(a)(3) Disclosures:**

The disclosures required by FRCP 26(a)(3), and any objections thereto, shall be included in the joint pretrial order.

7. **Alternative Dispute Resolution:**

The parties will be participating in mediation before Hon, David Jones (ret) on February 28, 2025.

8. **Alternative Forms of Case Disposition:**

The parties met and conferred regarding the use of a magistrate judge for all purposes or to submit to the Short Trial Program.

9. **Electronic Evidence:**

The parties met and conferred regarding the use of electronic evidence and presenting the same to the jury. They will present evidence to the jury in a format that will be compatible with the

Court's jury evidence display system, with each party responsible for preparing their respective exhibits to comply.

**FRCP 26(f)(3) VIEWS AND PROPOSALS**

**A. Initial Disclosures:**

Plaintiff will serve his initial disclosures within the next 10 days.

Defendant served its initial disclosures within the next 10 days.

**B. Subjects on Which Discovery May be Needed:**

Plaintiff and Defendant agree that the subjects of discovery shall include liability, causation, and damages.

**C. Whether Discovery Should Be Conducted in Phases or Be Limited to or Focused on Particular Issues:**

Plaintiff and Defendant agree that discovery need not be conducted in phases.

**D. Issues Regarding Disclosure of Electronically Stored Information, Including the Form or Forms in Which it Should be Produced:**

Plaintiff and Defendant agree that no issues exist regarding the disclosure or discovery of electronically stored information currently

**E. Issues Regarding Claims of Privilege or Protection of Pre-Trial Materials:**

Some information and/or documents in Defendant's possession are protected under confidentiality and/or privilege. Plaintiff and Defendant agree to act in a manner that protects information entitled to be kept confidential and to ensure that protection is limited to material entitled to any such protections. The parties will work together, where possible, to establish an appropriate scope of discovery as it relates to privileged communications in Defendant's files. To the extent Defendant needs to seek protective orders prior to producing any confidential, trade secret or otherwise privileged information or documents, and in the interest of preserving its claims of

privilege and confidentiality, Defendant will circulate a proposed stipulated protective order for Plaintiff's review prior to submitting the same to the Court for review and approval.

**F. Changes That Should Be Made in the Limitations on Discovery Imposed Under These Rules or By Local Rule:**

The parties request nine (9) months to conduct discovery in this matter. This is a commercial trucking case with extensive medical treatment. The parties will require additional time for disclosure of experts and depositions. The parties do not feel this can be accomplished in 180 days from the first date of appearance/answer.

**G. Orders That the Court Should Issue Under Rule 26(c) or Rule 16(b) and (c):**

None at this time, though the parties may stipulate to such an order in the future to preserve materials protected by trade secret held by Defendants.

Dated this 6 day of February, 2025.

WINNER & BOOZE

By: /s/ Christine M. Booze
Christine M. Booze
Nevada Bar No. 7610
1117 South Rancho Drive
Las Vegas, Nevada 89102
*Attorney for Defendant Lambert Livestock & Cattle Co. LLC*

Dated this 5th day of February, 2025.

KAPLAN LAW GROUP

By: /s/ Brittany A. Kaplan
Brittany A. Kaplan
Nevada Bar No. 13663
Kory L. Kaplan
Nevada Bar No. 13164
10091 Park Run Drive, Suite 190
Las Vegas, Nevada 89145
*Attorneys for plaintiff Daniel Halsey*

**IT IS SO ORDERED** that the parties' stipulated joint discovery plan and scheduling order (ECF No. 7) is GRANTED in part and DENIED in part. The scheduling deadlines set forth in the plan are GRANTED. The request for a nine (9) month discovery period contained in paragraph F above is DENIED.

DATED: 2/7/2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE